**BRISKEY, Appellant and Cross–Appellee,**

v.

**BRISKEY, Appellee and Cross–Appellant.**

[Cite as *Briskey v. Briskey* (1997), 120 Ohio App.3d 302.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70349.

Decided May 29, 1997.

*Zashin, Rich & Sutula* and *Robert I. Zashin,* for appellant and cross-appellee.

*Kronenberg & Kronenberg, Jacob A.H. Kronenberg* and *Janet L. Kronenberg,* for appellee and cross-appellant.

PATTON, Judge.

The domestic relations court granted plaintiff-appellant and cross-appellee Nola Briskey ("plaintiff") and defendant-appellee and cross-appellant Eddie Briskey ("defendant") a divorce. Plaintiff appeals the decision of the domestic relations court based on its failure to equitably divide the marital assets, award spousal support, and award the correct amount of attorney fees.

The matter was heard by a referee on July 22, 1993 and, after a six month interim because defendant changed attorneys, concluded on February 24, 1994. A total of seventeen days were spent at trial.

Both parties filed objections to the referee's report, which were subsequently overruled. The trial court then issued its judgment entry, on February 15, 1996, approving the referee's report.

The parties now appeal and cross-appeal from the order of the trial court. Plaintiff assigns fourteen errors, and defendant, as cross-appellant, assigns two errors.

We lack jurisdiction to hear this appeal and cross-appeal because the judgment appealed from does not contain a complete division of the marital assets.

The trial court heard evidence concerning the parties' bank accounts. The evidence revealed that the parties had several accounts. Three of the accounts were divided equally by the trial court. However, no final determination was made regarding five other accounts. In its entry, the trial court ordered the parties' attorneys to decide whether the accounts were duplicative or genuine. If the accounts were genuine then the attorneys were to determine whether there were any funds remaining in these accounts. If the attorneys discovered funds in the account, then defendant was to remit to plaintiff one-half the opening balance in each account.

The referee made similar findings in her report and then made the following comment:

"The referee is well aware that to require the parties to garner information to divide as yet unknown opening balances is not the ideal way to effect a division of property, however this procedure is designed to produce a fair result in light of the dearth of information available."

In addition, the referee and trial court attached an appendix to the report and judgment entry, respectively. This appendix lists eleven of the parties' bank accounts but does not give opening balances for five of the accounts:

## "APPENDIX

"The bank accounts on Joint Exhibit 2:

| "Institution | | Account No. | Date Opened | Opening Bal. | Exhibit |
|---|---|---|---|---|---|
| " 1. | Cardinal | 0–37–66–190517 | 9/27/91 | $10,500.00 | 30 |
| " 2. | Cardinal | 0–37–66–190525 | 9/27/91 | 1,000.00 | 26 |
| " 3. | First Nat. | 4804011263–3 | 9/27/91 | ? | 14 |
| " 4. | Society | 005727055 | 9/19/91 | 5,000.00 | 13 |
| " 5. | First Nat. | 469401136–4 | 1/25/92 | ? | 28 |
| " 6. | Cardinal | 04660110833 | 1/25/92 | 2,700.00 | 27 |
| " 7. | Cardinal | 03760190752 | 9/27/92 | 3,700.00 | 25 |
| " 8. | First Nat. | 469400758–6 | 1/25/92 | ? | ·29 |
| " 9. | First Nat. | 04666190508 | 1/25/92* | 8,175.00 | 24 |

"Accounts on Plaintiff's Exhibit 17 which do not appear on Joint Exhibit B:

"10. First Nat.
    'Wall Street Ckg.'    480–4004572    9/27/91
"11. First Nat.
    '1st Money Mkt.'    480–4012641    9/27/91

"* This date is September 27, 1991 on Joint Exhibit B. Plaintiff's Exhibit 24 indicates that date is not correct. (See report at page 6.)"

The record contains documentation neither of the amount of funds remaining in these five accounts nor of whether the accounts are genuine. Also, the judgment entry is vague regarding the distribution of the funds remaining in the accounts. The entry merely states that the unknown values in the accounts are to be determined at some future time, but no time limitations are provided. The result is that the findings of the trial court are vague and speculative about the division of marital assets. Consequently, pursuant to Civ. R. 54(B), we do not have a final appealable order. *Safranek v. Safranek* (Feb. 2, 1995), Cuyahoga App. No. 66635, unreported, 1995 WL 44648 (trial court's order omitting the possible amount of arrearages owed by husband not a final order). See *Smith v. Smith* (June 3, 1988), Clark App. No. 2433, unreported, 1988 WL 59371 (trial court's order as to child support lacked a specific amount and simply ordered information necessary to the establishment of a specific amount of support). This is not a final appealable order, and thus this court is without jurisdiction to address the merits of the case.

*Appeal and cross-appeal dismissed.*

NAHRA, P.J., and O'DONNELL, J., concur.